NUMBER 13-00-734-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

_____________________________________________________________________


MIDTEXAS PIPELINE COMPANY, Appellant,
v.



MICHAEL F. CUSACK, TRUSTEE OF THE MICHAEL F. CUSACK

SPECIAL TRUST NO. ONE. Appellee.

_____________________________________________________________________


On appeal from the 25th District Court of Gonzales County, Texas.

_____________________________________________________________________

MEMORANDUM OPINION



Before Justices Dorsey, Yañez, and Rodriguez

Opinion by Justice Yañez



This appeal arises out of an attempt on the part of appellant, MidTexas Pipeline Company, to condemn property owned by
appellee, Michael F. Cusack. The trial court dismissed the case for want of jurisdiction. We reverse and remand.

After attempting to purchase an easement from Cusack, MidTexas filed a petition for condemnation. Initially, the trial
court granted a partial summary judgment for MidTexas, holding that: (1) MidTexas is a corporation with the power of
eminent domain which has complied with all statutory prerequisites to filing the condemnation action; and (2) the only
issue remaining is the amount of compensation to which Cusack is entitled. Over a year after the trial court granted the
partial summary judgment, it issued a letter which stated that the trial court was of the opinion that Cusack was entitled to
compensation of $24,000. In the letter, the court further ordered that the attorney for MidTexas prepare a judgment
"reflecting the court's ruling."

Approximately two months after the court issued the letter, Cusack filed a plea to the jurisdiction and motion to dismiss for
want of jurisdiction. Cusack argued that MidTexas had not established the jurisdictional requirement that it had failed to
agree with Cusack on the amount of damages prior to instituting a condemnation proceeding. See Tex. Prop. Code Ann. §
21.012 (Vernon 1984). The motion to dismiss relied upon the holding in Hubenak v. San Jacinto Gas Transmission Co.,
Nos. 01-99-00691-CV, 01-99-00959-CV, 01-99-01359-CV, and 01-99-01360-CV 2000, Tex. App. LEXIS 4971 (Tex.
App.-Houston [1st Dist.] 2000) opinion withdrawn on rehearing, 2001 Tex. App. LEXIS 8301 (Tex. App.-Houston [1st
Dist.] December 13, 2001, no pet.). The trial court granted Cusack's motion and dismissed the action for want of
jurisdiction. MidTexas now appeals the trial court's dismissal with one issue.

We find that the issues raised in this case are identical to those decided by this Court in Cusack Ranch Corp. v. MidTexas
Pipeline Co., No. 13-00-00247-CV, 2001 Tex. App. LEXIS 7983 (Tex. App.-Corpus Christi 2001, no pet.). In Cusack
Ranch, this Court held that an offer by MidTexas identical to the one involved in the instant case was a legitimate offer,
and could be considered in determining that MidTexas had established that it was unable to reach an agreement with the
landowner after engaging in good faith negotiations. Cusack Ranch, 2001 Tex. App. LEXIS 7983 at *5. This holding is
consistent with the holding of the First Court of Appeals in its opinion on rehearing in Hubenak, 2001 Tex. App. LEXIS
8301, at * 14-15. Also, as in Cusack Ranch, the record before this Court in the instant case includes unchallenged evidence
of negotiations between MidTexas and Cusack. Accordingly, we hold that MidTexas has established the jurisdictional
requirement that it has been unable to reach an agreement with the landowner; therefore, the trial court erred in granting
Cusack's motion to dismiss for lack of jurisdiction. We sustain appellant's sole issue on appeal. 

The judgment of the trial court dismissing this case for want of jurisdiction is REVERSED and the case is REMANDED to
the trial court.

 

LINDA REYNA YAÑEZ

Justice



Do not publish. Tex. R. App. P. 47.3.



Opinion delivered and filed this the

7th day of March, 2002.